# IN THE COURT OF APPEALS OF IOWA

No. 19-0354
Filed May 15, 2019

**IN THE INTEREST OF D.C. and K.C.,**
**Minor Children,**

**S.C., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals the termination of his parental rights to his children. **AFFIRMED.**

Martha L. Cox, Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Neill Kroeger, LeClaire, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his children, both of whom are under three years of age.[1] The father does not dispute that the State proved the grounds for termination pursuant to Iowa Code section 232.116(1)(d), (h), and (i) (2018). Instead, he asks us to place the children in a guardianship with a relative and apply one of the statutory exceptions to termination. We review this claim de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

Iowa Code section 232.116(3)(a) provides that the court "need not terminate" the parent-child relationship if a relative has legal custody of the child. The decision to apply the exception to avoid terminating parental rights is permissive, not mandatory. *A.S.*, 906 N.W.2d at 475. The father bears the burden of proving the exception. *See id.* at 476. In determining whether to apply the exception, we use our discretion based on the unique circumstances of each case. *See id.* at 475.

The juvenile court adjudicated the children to be in need of assistance (CINA) in May 2018 and placed them in the home of their maternal great-grandmother subject to supervision by the Iowa Department of Human Services. The children were living in her home prior to the CINA adjudication, have remained in this placement throughout the CINA proceedings, and have a strong bond with the maternal great-grandmother. The father, who has a history of criminal activity, had just begun serving a five-year prison sentence at the time of the termination hearing.

---

[1] The mother's parental rights to the children were also terminated. She is not a party to this appeal.

All parties concede that continued placement with the maternal great-grandmother is in the children's best interests but disagree as to whether that placement should continue as a guardianship or through adoption. An approved home study is required before the DHS will approve adoption, and although the DHS initiated a home study of the maternal great-grandmother, it was not yet completed at the time of the termination hearing. Although there was a possibility that the DHS would not approve the maternal great-grandmother, the DHS case manager recommended termination of the father's parental rights, testifying that the children need long-term stability that a guardianship could not provide. The guardian ad litem also recommended termination based on the children's need for permanency. The father asked that the juvenile court name the maternal great-grandmother the children's guardian in lieu of terminating his parental rights.

"An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child[ren]'s best interests always remain the first consideration." *Id.* (citation omitted). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). A guardianship does not provide the permanency afforded by adoption, and it is not a legally preferable alternative to termination. *See A.S.*, 906 N.W.2d at 477-78.

On our de novo review, we give weight to the recommendations of the DHS case manager and the guardian ad litem. *See id.* at 477. We also give weight to the juvenile court's findings based on its ability to hear the live testimony of the witnesses. *See id.* We also take into account the children's young ages, the

amount of time the father has already been out of contact with the children due to his criminal activity, and the length of the father's prison sentence. Upon doing so, we agree termination is in the children's best interests and decline to apply the exception to termination provided in section 232.116(3)(a).

**AFFIRMED.**